**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WENGUI GUO
a/k/a MILES KWOK,

    Plaintiff,

v.

BIAO TENG,

    Defendant.

Civil Action No. 18-2110 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Wengui Guo a/k/a Miles Kwok's ("Plaintiff") Motion to Dismiss the Counterclaim of Defendant Biao Teng ("Defendant") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 8.) Defendant filed opposition (ECF No. 12), and Plaintiff filed a reply (ECF No. 15). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

    "Federal Rule of Civil Procedure 8(a)(2) requires [] 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

    A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a

claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "[review] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

Here, Defendant's Counterclaim, alleging intentional infliction of emotional distress, does not sufficiently plead the elements of intentional infliction of emotional distress. The Counterclaim consists of only three conclusory paragraphs and is completely devoid of any factual allegations. Defendant's counterclaim, therefore, does not meet the pleading requirements of the Federal Rules of Civil Procedure. Nevertheless, the Court will provide Defendant with an opportunity to amend the counterclaim to fully allege the facts and circumstances that form the basis of the claim. Accordingly,

**IT IS** on this 9th day of August 2018, **ORDERED** that:

1. Plaintiff's Motion to Dismiss (ECF No. 8) is **GRANTED**, without prejudice.
2. Defendant may file an amended counterclaim by **September 7, 2018**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**